The High Court of Wisconsin Independent Order of Foresters and another, Appellants, vs. The Commissioner of Insurance of the State of Wisconsin and another, Respondents.

*November 20 — December 10, 1897.*

*Foreign benefit association: Use of name: Injunction: Issuance of license.*

1. A foreign fraternal or beneficiary association which has conducted business under a certain name or designation for many years will not be restrained from the use of such name at the suit of a domestic association, organized under a similar name for similar purposes more than ten years after the former commenced to transact business in this state.

2. The question whether a foreign fraternal benefit association is entitled to a license to transact business in this state, under ch. 418, Laws of 1891, is a matter to be decided by the proper authorities of the state, and cannot be determined in advance by the courts, in an action brought by another corporation to restrain the issuance of the license.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge.    *Affirmed.*

*A. R. Bushnell,* for the appellants.

*J. M. Clancey,* for the respondents.

CASSODAY, C. J.   It appears from the record that this action was originally commenced September 4, 1894, against the commissioner of insurance (Root) alone, to restrain him from granting an insurance license to the *High Court of the Independent Order of Foresters of the State of Illinois;* that October 4, 1894, the *High Court of the Independent Order of Foresters of the State of Illinois* petitioned the trial court to be made a party defendant, on the ground that it was the real party in interest; that October 11, 1894, the trial court ordered the plaintiffs to show cause why such corporation should not be so made a party defendant; that October 15, 1894, the plaintiffs answered, and protested against such Illinois corporation being made defendant herein; that upon the hearing thereof, October 24, 1894, such Illinois corporation was ordered to be made a defendant, with liberty to defend the action, and that the complaint be amended accordingly; that October 30, 1894, the complaint was amended accordingly, but the same relief was prayed as in the original complaint; that November 8, 1894, the Illinois corporation answered; that February 27, 1895, *William A. Fricke*, insurance commissioner, was substituted as defendant in place of Commissioner Root, by order of the court, and the complaint was amended accordingly.

A trial having been had, the court found, as matters of fact, in effect, that the defendant the *High Court of the Independent Order of Foresters of the State of Illinois* was a fraternal, beneficiary association, incorporated as such under the laws of Illinois, February 1, 1882, under that name, as alleged in its answer; that said Illinois corporation, in 1878, used said name in the state of Illinois for the purpose of organizing subordinate lodges and conducting its general business as a fraternal society, as alleged in its answer; that said Illinois corporation commenced to do business in Wisconsin under said name in 1882, and has ever since continued to do business under said name in this state; that ever since the Illinois corporation was incorporated, and ever since it

Independent Order of Foresters vs. Commissioner of Insurance.

has been doing business in this state, it has used, in connection with its regular corporate name, upon its circulars and advertisements, the words "Independent Order of Foresters," being an abbreviation of its true corporate name; that neither of the plaintiffs was in existence when the defendant corporation commenced to do business in this state under its corporate name, nor were they, or either of them, in existence until the defendant corporation had been using said name and the words "Independent Order of Foresters" for several years; that the defendant Illinois corporation appropriated its said corporate name, and used the said abbreviation thereof, in its business in the states of Wisconsin and Illinois and other places, long before either of the plaintiffs was incorporated or known of by the names the *High Court of Wisconsin Independent Order of Foresters, Supreme Court Independent Order of Foresters*, or the abbreviation thereof, Independent Order of Foresters, or by any name similar to either of said names; that the plaintiff the *High Court of Wisconsin Independent Order of Foresters* is not now, and never has been, a fraternal or beneficiary corporation, society, order, or association for the relief of members or beneficiaries, furnishing life or casualty insurance or indemnity upon the mutual assessment plan, as alleged in the complaint.

And, as conclusions of law, the court found, in effect, that the defendant Illinois corporation was entitled to the relief demanded in its answer, that the temporary injunction issued herein be dissolved, and for dismissal of this action, with costs, and ordered judgment to be entered thereon accordingly.

From the judgment so entered the plaintiffs appeal.

After a careful examination of the record, we are forced to the conclusion that such findings of the trial court are fully sustained by the evidence. In fact the complaint expressly admits that the first-named plaintiff was not created, organized, or in existence before August 11, 1892 — ten years

after the defendant corporation commenced doing business in this state. Upon the facts so found, it would be preposterous to hold that the defendant corporation had unlawfully or wrongfully used the name of the plaintiffs or either of them.

The burden of the complaint seems to be that the insurance commissioner was about, improperly, to grant or issue a license to the defendant corporation, when it was not a "fraternal or beneficiary corporation, society, order, or association, furnishing life or casualty insurance or indemnity upon the mutual or assessment plan;" but only that kind of a foreign corporation could be legally licensed to do such business in this state, under ch. 418, Laws of 1891. It is enough to say, as suggested by some of my brethren from the bench, that that was a matter which in no way concerned the plaintiffs, or either of them, but was a question to be determined by the rightful authorities of the state. The plaintiffs cannot be allowed, vicariously, to institute and maintain an action merely to determine whether a foreign insurance corporation shall or shall not be licensed to do business in this state.

*By the Court.*— The judgment of the circuit court is affirmed.